UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONID MIKITYANSKIY,

                        Plaintiff,

- against -

DMS HOLDINGS, INC., d/b/a Mabis Healthcare, and DURO-MED INDUSTRIES, INC.,

                        Defendants.

**MEMORANDUM OPINION & ORDER**

11 Civ. 1243 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Attorney and qui tam plaintiff Leonid Mikityanskiy brings this false patent marking action under 35 U.S.C. § 292, alleging that Defendants marketed a digital pacifier thermometer marked with an expired patent number with the intent to deceive the public about patent coverage for the product. (Cmplt. ¶¶ 3, 20) Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), or, in the alternative, to transfer the venue of the action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Defendants' motion to dismiss will be granted.

**BACKGROUND**

        Defendants manufacture and sell a digital pacifier thermometer, the "Tender Tykes Digital Pacifier Thermometer," which had been the subject of U.S. Patent No. 5,013,160. (Cmplt. ¶¶ 15, 20) This patent expired on May 7, 2003, due to non-payment of maintenance fees (Cmplt. ¶¶ 16-17; Ex. B), but Defendants continued to distribute and sell the pacifier in packaging marked with the expired patent. (Cmplt. ¶¶ 21-24; Ex. C) The packaging states "© 2008 MABIS Healthcare," which indicates that the packaging has been revised since the patent

expired in 2003.  (Cmplt. ¶ 29; Ex. C)  Plaintiff purchased the thermometer at a Walgreens store in Philadelphia on February 19, 2011, but the thermometer is sold nationwide, including in this district.  (Cmplt. ¶¶ 21, 51; Ex. E)

On May 2, 2011, this Court gave Plaintiff leave to amend his complaint in light of In re BP Lubricants USA Inc., 637 F.3d 1307 (Fed. Cir. 2011), a recent Federal Circuit case that addresses pleading requirements in false patent marking cases.  (Dkt. No. 3)  Plaintiff chose not to amend his complaint, and Defendants' motion to dismiss or transfer was filed thereafter.

## DISCUSSION

I.  **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff."  Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

## II.     DEFENDANTS' MOTION TO DISMISS WILL BE GRANTED

Under 35 U.S.C. § 292,

(a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

To establish false marking, two elements must be shown: (1) marking an unpatented article, and (2) intent to deceive the public. Forest Grp., Inc. v. Bon Tool Co., 590 F.3d. 1295, 1300 (Fed. Cir. 2009). "An article covered by a now-expired patent qualifies as 'unpatented.'" San Francisco Tech v. Bayer Corp., No. 11 Civ. 402(LBS), 2011 WL 2207534, at *2 (S.D.N.Y. June 6, 2011) (quoting Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361 (Fed. Cir. 2010)).

"'Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.'" Id. (quoting Clontech Labs., Inc. v. Invitrogen

3

Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005)). "The Federal Circuit has held that 'the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public.'" Id. (quoting Pequignot, 608 F.3d at 1362-63). However, "[t]his presumption is 'weaker' where, as here, 'the false markings at issue are expired patents that had previously covered the marked products.'" Id. (quoting Pequignot, 608 F.3d at 1364).

Under Rule 9 of the Federal Rules of Civil Procedure, a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake," but "intent, knowledge, and other conditions of a person's mind may be alleged generally." The Federal Circuit has recently confirmed that "Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." In re BP Lubricants USA Inc., 637 F.3d at 1309. Because Section 292 "condemns fraudulent or false marking," not mere negligence, "a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." Id. at 1311. Examples of such "objective indications" include "identif[ication of] the individuals who knew the patent expired," San Francisco Tech., 2011 WL 2207534, at *2, or allegations that "the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." In re BP Lubricants, 637 F.3d at 1312. Courts have found that "allegations of only a single, unspecified instance of package revision with an expired marking is not, by itself, sufficient to support an inference of deceptive intent," Hollander v. Ortho-McNeil-Janssen Pharm., Inc., Civil Action No. 10-00836, 2011 WL 1288676, at *5 (E.D. Pa. Apr. 5, 2011) (citing Brinkmeier v.

BIC Corp., 733 F. Supp. 2d 552, 563-65 (finding insufficient plaintiff's allegations that defendant knew patents had expired because it updated product packaging following patent expiration); Shizzle Pop, LLC v. Wham–O, Inc., No. CIV. 10-3491 PA (FFMx), 2010 WL 3063066, at *4 (C.D.Cal. Aug. 2, 2010) ("[C]reating new packaging does not create a reasonable inference that Defendant knew the '678 patent had expired.")), but allegations of multiple package revisions, "particularly where such allegations are detailed or coupled with other indicia of the defendant's knowledge of a patent's expiration," may be sufficient to allege intent.  Id. (citing Brinkmeier v. Graco Children's Products, Inc., 684 F. Supp. 2d 548, 553 (D.Del. 2010) (denying motion to dismiss where defendant had been sued by two competitors for infringing the patent in question and where defendant had revised its patent markings at least three times since the patent expired)).  Allegations that the defendant is a sophisticated party and therefore should have known that the mark was expired are not sufficient.  See In re BP Lubricants, 637 F.3d at 1312; San Francisco Tech., 2011 WL 2207534, at *2.

    Here, the Complaint includes only one allegation that could be read as an "objective indication" that Defendants were aware that the patent had expired:  "the packaging of the Pacifier[] . . . indicates that it was revised recently because the packaging states '© 2008 MABIS Healthcare.'"  (Cmplt. ¶ 29)  As noted above, however, a single allegation of revised packaging, without more, is not sufficient to satisfy the heightened pleading requirement of Rule 9.  See In re BP Lubricants, 637 F.3d at 1312; Hollander, 2011 WL 1288676, at *5.  Therefore, the Complaint does not adequately allege an intent to deceive.

    In opposing Defendants' motion to dismiss, Plaintiff argues that the thermometer packaging underwent "multiple revisions," because new packaging was designed "at least once in 2004 or shortly thereafter, after the merger of MABIS into DMS Holdings, Inc."  (Pltf. Br. 7)

5

There is no such allegation in the Complaint, however, despite the fact that this Court granted Plaintiff leave to amend the Complaint as necessary in light of the heightened pleading requirements set forth in In re BP Lubricants.

Even if this Court were to consider the alleged 2004 revision Plaintiff cites for the first time in his opposition brief, Plaintiff's showing of intent to deceive would still be insufficient. Courts have required additional evidence in combination with multiple revisions, such as allegations about which company employees knew that a patent had expired or allegations that the defendant has been involved in lawsuits over the patent, in order to deny a motion to dismiss. See San Francisco Tech., 2011 WL 2207534, at *2; BIC Corp., 733 F. Supp. 2d at 563-64 (finding that plaintiff had failed to show intent to deceive, and comparing facts to Graco Children's Products, Inc., where plaintiff had "alleged [that] the product(s) were relabeled three times since patent expiration and, importantly, that they had sued competitors based on that patent"). The presumption of intent to deceive that arises from "the combination of a false statement and knowledge that the statement was false" is "'weaker' where, as here, 'the false markings at issue are expired patents that had previously covered the marked products.'" San Francisco Tech., 2011 WL 2207534, at *2 (quoting Pequignot, 608 F.3d at 1362-64).

Allowing the Complaint to be amended to allege the second packaging revision that Plaintiff now raises in his opposition brief would not be sufficient to permit Plaintiff to adequately allege knowledge and create a presumption of intent, and would therefore be futile. Accordingly, leave to amend will not be granted. See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2007) (leave to amend may properly be denied where amendment would be futile); Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is

6

unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.").

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED, and Plaintiff's action is dismissed with prejudice. The Clerk of the Court is directed to terminate the motion (Dkt. No. 13) and to close this case.

Dated: New York, New York
September 30, 2011

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge